IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| L'ASSOCIATION DES AMÉRICAINS ACCIDENTALS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, *et al.*, <br><br> Defendants. | Case No. 1:21-cv-02933-TNM |

**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to Local Civil Rule 7(h)(1), Defendants, the United States Department of State, Antony J. Blinken, in his official capacity as Secretary of State, and Rena Bitter, in her official capacity as Assistant Secretary of State for Consular Affairs, respectfully submit that there exists no issue of material fact as to the following facts, which support the Court's entry of dismissal or, in the alternative, summary judgment in favor of Defendants for the reasons set forth in the accompanying memorandum:

1. Since early 2020, the COVID-19 pandemic has significantly affected the ability of U.S. embassies and consulates abroad (collectively, "posts") to provide consular services worldwide. Declaration of Douglass Benning, Principal Deputy Assistant Secretary of State for Consular Affairs ¶¶ 4, 14-17 ("Benning Decl.").

2. The pandemic has drastically reduced staffing at posts due to factors including evacuations for individuals who were at high risk for COVID-19-related complications, in-person capacity limitations, staff illnesses and quarantine periods, in-country restrictions on public movements, and budgetary constraints. *See id.* ¶¶ 15-16, 18.

-2-

3. During the pandemic, the demand for emergency consular services has significantly increased, in part due to pandemic conditions and in part due to other international crises, including those in Afghanistan and Ukraine. *Id.* ¶ 14.

4. On March 17, 2020, the Office of Management and Budget directed all federal agencies to "take appropriate steps to prioritize all resources to slow the transmission of COVID-19, while ensuring [that] mission-critical activities continue." *See id.* ¶ 18.

5. In response to this directive, the State Department suspended all routine visa services on March 20, 2020, allowing only "emergency and mission[-]critical" visa services to continue. *Id.* It also advised posts to devote their entire consular section staff to U.S. citizen emergency services, which presented a dire need. *Id.*

6. In subsequent guidance in April and May of 2020, the Department instructed posts that only the staff who must appear in-person to "perform mission-critical work that cannot be performed remotely should be in Department/mission facilities." *Id.* This guidance necessarily limited posts' ability to process requests for CLNs—which are classified as a routine (non-emergency) consular service—to requests made in circumstances that constituted a "compelling emergency." *Id.* ¶¶ 8, 18; Foreign Affairs Manual (FAM), 7 FAM 020 Appendix B.

7. In May of 2020, the State Department released the Diplomacy Strong Framework for phasing back to regular in-person operations at posts. Benning Decl. ¶¶ 19-20. The Framework involved three phases, based on local COVID-19 conditions. *Id.* ¶ 20. Posts in Phase One were to offer only emergency consular services, whereas posts in Phase Three were permitted to resume all public services, including CLN services, other than

-3-

routine visa processing, at a level the consular section chief at post deemed appropriate based on local conditions and Department guidance. *Id.* Regardless of what phase a post was in, however, the Department has consistently required prioritization of emergency consular services for U.S. citizens during the pandemic. *See*, *e.g.*, *id.*, Attachment F, 21 STATE 52112 (May 19, 2021); *id.*, Attachment G, 21 STATE 57154 (June 1, 2021); *id.*, Attachment H, 21 STATE 69026 (July 1, 2021).

8. In September 2021, the COVID-19 Mitigation Process (CMP) replaced the Diplomacy Strong Framework. *Id.* ¶ 23. Under CMP, posts were to continue prioritizing emergency consular services and to evaluate a variety of metrics to determine safe staffing levels in light of local COVID-19 conditions. *Id.*

9. The disruptions to the Department's regular consular operations during the pandemic have created significant backlogs for many consular services, including visa services, *id.* ¶ 27, and CLN services—in particular, appointments to take the oath of renunciation, *id.* ¶ 28.

10. As the Department works to return to normal operations where possible, many posts have resumed loss of nationality appointments, but some have not yet done so due to COVID-19-related reductions in operational capacity and significant competing pressures on these limited resources. *See id.* ¶¶ 31-36.

11. Embassy Paris and Consulate General Marseille have resumed CLN services and are operating with wait lists for individuals seeking the service. *Id.* ¶ 32.

12. Consulate General Frankfurt has not yet resumed CLN services, and it is using a wait list to organize the individuals awaiting appointments for the service. *Id.* ¶ 31. It is set to resume CLN services in April. *Id.*

-4-

13. Embassy Helsinki has not yet resumed CLN services, and it is using a wait list to organize the individuals awaiting appointments for the service. *Id.* ¶ 35. It is set to resume CLN services in April. *Id.*

14. Embassy Singapore has resumed CLN services and is operating with a wait list for individuals seeking the service. *Id.* ¶ 33.

15. Embassy Bern has resumed CLN services and is operating with a wait list for individuals seeking the service. *Id.* ¶ 36.

16. Consulate General Amsterdam has resumed CLN services and is operating with a wait list for individuals seeking the service. *Id.* ¶ 34.

17. Posts that have not yet resumed CLN services will do so as soon as it is safe and feasible, in light of local conditions. *See id.* ¶¶ 23, 29, 31, 35.

18. Plaintiff Lilian Pam contacted Embassy Paris seeking CLN services on May 19, 2020. *Id.* ¶ 32. She is presently approximately 13th on Embassy Paris's wait list for CLN services. *Id.*

19. Plaintiff Joshua Grant contacted Consulate General Frankfurt seeking CLN services on August 17, 2020. *Id.* ¶ 31. He is approximately in the middle of Consulate General Frankfurt's 900-person wait list for CLN services. *Id.*

20. Plaintiff Martin Kracklauer contacted Embassy Helsinki seeking CLN services in October of 2020. *Id.* ¶ 35. He is first on Embassy Helsinki's wait list for CLN services. *Id.*

21. Plaintiff Sofiann Thoulon contacted Embassy Paris seeking CLN services on February 11, 2021. *Id.* ¶ 32. She is presently approximately 120th on Embassy Paris's wait list for CLN services. *Id.*

-5-

22. Plaintiff Philip Boeffard contacted Embassy Paris, through counsel without providing his name, seeking CLN services on April 23, 2021. *Id.* ¶ 32. Mr. Boeffard, therefore, was not placed on the wait list until he was identified by name in late February 2022. He is presently approximately 152nd on Embassy Paris's wait list for CLN services. *Id.*

23. Plaintiff Christopher Bousigues contacted Embassy Singapore seeking CLN services on May 26, 2021. *Id.* ¶ 33. He had his appointment on March 21, 2022. *Id.*

24. Plaintiff Kristopher Lazarz contacted Consulate General Frankfurt seeking CLN services on September 19, 2021. *Id.* ¶ 31. He is approximately in the middle of Consulate General Frankfurt's 900-person wait list for CLN services. *Id.*

25. Plaintiff Stephen Collins contacted Embassy Bern seeking CLN services on September 14, 2021. *Id.* ¶ 36. As of March 22, 2022, Mr. Collins was approximately 330th on Embassy Bern's nearly 700-person wait list for CLN services. *Id.*

26. The State Department has no record of Plaintiff Anne Misslin contacting any of the posts named in the Amended Complaint seeking CLN services. *Id.* ¶ 32.

27. The State Department has no record of Plaintiff Mark Lewis contacting any of the posts named in the Amended Complaint seeking CLN services. *Id.* ¶ 34.

Dated: April 4, 2022                     Respectfully submitted,

                                         BRIAN M. BOYNTON
                                         Principal Deputy Assistant Attorney General
                                         Civil Division

                                         ANTHONY J. COPPOLINO
                                         Deputy Director, Federal Programs Branch

                                         */s/ Laurel H. Lum*
                                         LAUREL H. LUM

-6-

Trial Attorney (NY Bar No. 5729728)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 305-8177
Email: laurel.h.lum@usdoj.gov